UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-20764-CIV-UNGARO/O'SULLIVAN

MARIA ROCHA,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (DE# 25, 6/8/21). This motion was referred to Chief United States Magistrate Judge John J. O'Sullivan. The Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (DE# 25, 6/8/21) indicates that the motion is unopposed. See Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (DE# 25, 6/8/21) at p. 1. The plaintiff requests fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, as agreed to by the parties, in the amount of $4,778.94. The plaintiff indicates in her motion that the plaintiff is the prevailing party under the EAJA and meets the financial qualifications for relief, and the Defendant's position was not "substantially justified." A review of the petition reveals that the requested fees are reasonable and permitted pursuant to 28 U.S.C. § 2412.

The plaintiff assigned her rights to any EAJA fee award to her attorney. The plaintiff indicates in her motion that the

> Plaintiff has assigned any fees awarded under the EAJA to undersigned counsel, and the assignment has been provided to the Commissioner. Upon entry of an order granting EAJA

>fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government that qualifies under the Treasury Offset Program, 31 U.S.C. §§ 3711 and 3716, which allows for the collection of a federal debt from the amount awarded to Plaintiff. If Plaintiff does owe a debt to he Government, her EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, <u>see Astrue v. Ratliff</u>, 560 U.S. 586, 590 (2010), and the Commissioner will notify the Treasury Department that if any funds remain after the EAJA fee award is applied to his debt, the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel. If the United States Department of the Treasury determines that Plaintiff does not owe a debt that is subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney.

Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (DE# 25, 6/8/21) at pp. 3-4.  Accordingly, it is hereby

      RESPECTFULLY RECOMMENDED that the Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (DE# 25, 6/8/21) be GRANTED and the plaintiff be awarded fees in the amount of $4,778.94. It is further

      RESPECTFULLY RECOMMENDED that if the plaintiff does not owe any debt to the United States that is subject to an offset, the check for attorney's fees shall be made payable to the plaintiff's attorney.  It is further

      The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the United States District Court Judge assigned to the case. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon

grounds of plain error if necessary in the interest of justice. See 28 U.S.C § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    RESPECTFULLY SUBMITTED in Chambers, at Miami, Florida, this 17th day of June, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE